(October 25, 1898.)

## BEAR TRACK MINING COMPANY v. CLARK.

[54 Pac. 1007.]

CONTRACT—SPECIFIC PERFORMANCE.—A party to a contract, in order to obtain judgment for the specific performance of the contract, must show that such contract is fair, complete, mutual, reasonable and based upon an adequate consideration.

SAME—WHEN WILL NOT BE ENFORCED.—A contract by which C., the owner of a one-half interest in a mining claim, agreed to convey such interest to M., solely in consideration of the doing of certain development work on said mining claim by M., is neither fair, mutual, reasonable, nor based on an adequate consideration, and cannot be enforced by judicial decree.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

James E. Babb, for Appellant.

The written contract between the parties dated November 22, 1895, specified no time for performance by Moore. Therefore the law required performance within a reasonable time (19 Am. & Eng. Ency. of Law, 1990), and the contract cannot be contradicted by evidence that the parties agreed on a specific time. (*Cocker v. Franklin Hemp Flax Mfg. Co.*, 3 Sum. 530, Fed. Cas. No. 2932, per Story, J., and cases cited; 19 Am. & Eng. Ency. of Law, 1090, 1091; 1 Greenleaf on Evidence, 14th ed., sec. 275.) The contract, not the evidence of the contract, but the contract itself, if there was one, is so uncertain in its terms and provisions as to preclude the court from decreeing its specific performance. We contend that by the contract as written and signed by the parties November 22, 1895, that its failure to specify or fix any time for performance created such uncertainty as would preclude the entry of a decree of specific performance. (*Gates v. Gamble*, 53 Mich. 181, 18 N. W. 631; *Potts v. Whitehead*, 20 N. J. Eq. 55; *Schmelling v. Kriesel*, 45 Wis. 325; *Williams v. Stewart*, 25 Minn. 516; *Diamond State Iron Co. v. Todd* (Del.), 14 Atl. 27; *Edichal Bullion Co. v.*

*Columbia Gold Min. Co.,* 87 Va. 641, 13 S. E. 100; *Oxford v. Crow,* 3 Ch. 535 (Eng.) 1893; 22 Am. & Eng. Ency. of Law, 1006; *Tribune Co. v. Associated Press,* 83 Fed. 350; *Miller v. Morley Finishing Machine Co.,* 87 Fed. 621.) In respect of time of performance of a contract to acquire title to a mine, or an interest in a mine, it has been held by the supreme court of Idaho, that time is of the essence. (*Durrant v. Comegys,* 3 Idaho, 204, 28 Pac. 425; *Seattle v. Winters,* 2 Idaho, 215, 10 Pac. 216.)

Forney, Smith & Moore, for Respondent.

Respondent, in addition to discussing the points made by appellant, in his brief, presents the following points and authorities: 1. A mining claim perfected under the law, is property in the highest sense of that term, which may be sold, and conveyed, and will pass by descent and is real property. (Idaho Rev. Stats., sec. 16, subd. 2; *Ah Kle v. McLean,* 3 Idaho, 538, 32 Pac. 200.)    2. Courts have the power to compel the specific performance of an oral contract for the conveyance of real property, in case of part performance thereof. (Idaho Rev. Stats., secs. 6007, 6008; *Hunt v. Hayt,* 10 Colo. 278, 15 Pac. 410; *Day v. Cohn,* 65 Cal. 508, 4 Pac. 511; *Foster v. Maginnis,* 89 Cal. 264, 26 Pac. 828; *Flickenger v. Shaw,* 87 Cal. 126, 22 Am. St. Rep. 234, 25 Pac. 268; *Tohler v. Folsom,* 1 Cal. 207; *Augualle v. Ettinger,* 10 Cal. 150.)    3. The assignee of a party named in an oral contract for the conveyance of land may maintain an action for the specific performance of the contract against the grantor, where the right is based upon or the right is acquired by part performance of the contract. (*Owen v. Frink,* 24 Cal. 171; Idaho Rev. Stats., sec. 2891; *Calanchini v. Branstetter,* 84 Cal. 250, 24 Pac. 149.)

QUARLES, J.—This action was commenced by the plaintiff, a corporation, as assignee of one H. K. Moore, to obtain a decree for specific performance of a contract relating to the conveyance of an undivided one-half interest in and to a certain unpatented mining claim. The description of the property and the allegations of the contract are contained in paragraphs 2

and 3 of the complaint, in the following words, to wit: "That on the twenty-second day of November, 1895, the defendant was the owner of, and in the possession of, an undivided one-half interest in and to the following described property, situated in Idaho county, state of Idaho, to wit: 'That certain quartz claim located in Bear Track gulch, in the Florence mining district, Idaho county, state of Idaho, known as, and commonly called, the "Bear Track Claim," as located by one Christopher Arnold, on the seventeenth day of February, 1886, the same being situated about two and one-half miles northeast of the old town of Florence, in said county and state.' That on the twenty-second day of November, 1895, the said defendant and one H. K. Moore entered into an agreement or contract whereby the said H. K. Moore promised and agreed to and with the said defendant to do certain development work on the 'Bear Track Quartz Claim,' in Florence, Idaho, during the year 1896, which said development work consisted in sinking ten feet of shaft at the bottom of a certain shaft then upon said claim, and drifting twenty feet on the vein or lode from any point in said shaft thirty feet or more below the surface of the ground at the top of said shaft, all of which said development work was to be done by the said H. K. Moore at his own cost and expense, and during the year 1896, and prior to the first day of January, 1897, in consideration of all of which the said defendant, John Clark, promised and agreed to and with the said H. K. Moore that if he, the said H. K. Moore, would do and perform such development work during the year 1896, and prior to the first day of January, 1897, he, the said John Clark, would set over, transfer, and convey, by a good and sufficient deed of conveyance, unto the said H. K. Moore, his one-half interest in and to the said Bear Track quartz claim, when and as soon as he the said H. K. Moore had fully completed and performed the said development work as aforesaid; and that in consideration of the performance of the said development work as aforesaid by the said H. K. Moore, he, the said H. K. Moore, should become the owner of, and should have, the said undivided one-half interest in and to said Bear Track quartz claim, so situated as aforesaid; and that the said Bear Track quartz claim, herein in this paragraph mentioned and referred to,

is the same and identical mining claim mentioned and referred to in paragraph 2 hereof as the Bear Track claim." The complaint then alleges that the said Moore performed his part of the contract, on or about the first day of November, 1896, by sinking said shaft ten feet deeper, and by drifting twenty feet from a point in said shaft more than thirty feet below the surface; that thereafter, and on June 18, 1897, the said Moore assigned said contract to the plaintiff, due notice of which assignment was given to the defendant by said plaintiff and by said Moore; and that plaintiff then demanded of the defendant a deed to said undivided one-half interest in and to the said claim. The complaint alleged that said Moore was let into possession of said mining claim by the defendant on or about the 8th day of July, 1896. The defendant answered, denying specifically the allegations of the complaint, but alleged that a short time prior to November 22, 1895, at Florence, Idaho, the defendant made a contract with said Moore, by the terms of which the defendant agreed to deed to said Moore an undivided one-half interest upon condition that said Moore should sink the shaft on said claim ten feet deeper, and drift twenty feet from a point in said shaft thirty feet or more below the surface, and should pay the defendant the sum of $756.50, said work to be done and said payment to be made on or before May 1, 1896; that it was agreed by the defendant and said Moore that they would meet later at Lewiston, Idaho, and reduce said agreement to writing; that afterward, and on November 22, 1895, said parties met at Lewiston, Idaho; and that said Moore there and then prepared a writing, which the parties signed, and which is in words and figures as follows, to wit:

"Lewiston, Idaho, Nov. 22, 1895.

"This agreement, made and entered into this twenty-second day of November, 1895, by and between John Clark, of Florence, Idaho, and H. K. Moore, of Moscow, Idaho, parties of the first and second part, respectively, witnesseth: For and in consideration of the following development work on the Bear Track quartz claim, at Florence—i. e., sinking ten feet of shaft at bottom of present shaft, and twenty feet of tunnel from a point in shaft (30) thirty or more feet below surface, said H. K. Moore, party of the first part, is to have one-half interest in and

to said Bear Track quartz claims. That, if the foregoing conditions are fulfilled, it is further agreed by said John Clark that he will sell to said second party an undivided one-fourth interest to and in the Bear Track ditch and water right, for the specified sum of ($600.00) six hundred dollars. That, if it seems advisable, said H. K. Moore is to relocate said claim, said John Clark at all times having an undivided one-half interest in said claims. That, if Chris Arnold claims a one-half interest to and in the Bear Track claim, he is to pay the sum of seven hundred fifty-six and 50-100 dollars, which is a lien against his interest and all other expenses which may be incurred in working the mine.

(Signed)    "JOHN CLARK.
(Signed)    "H. K. MOORE."

The answer alleges that, at the time of signing said agreement, the defendant objected to it, on the ground that it did not contain all of the terms agreed upon; among other things, that it did not provide for the payment to defendant of the said sum of $756.50, and that defendant misunderstood several of the provisions in said written contract, and thought that other provisions agreed upon were in said written agreement when he signed it, but which were omitted. To prove its case, the plaintiff called said H. K. Moore as a witness, who testified that the contract was made at Lewiston, and partly reduced to writing, other material parts—that portion relating to the time of performance—being left out of the contract.

Without considering or passing upon the question arising under the statute of frauds, raised by the appellant, and numerous other questions presented in the record, we think that the plaintiff is precluded from the relief sought, on the ground that there is no mutuality in the contract, and it is not based on an adequate consideration. The defendant was the owner of an undivided one-half interest in and to the property in dispute. There is no valuable consideration moving from the plaintiff or its assignor to the defendant, according to the showing of the plaintiff. Under the allegations of the complaint and the evidence introduced upon the trial, said Moore was to do certain work upon the property in dispute, whereupon the defendant,

without money, and without price, was to convey his interest in the property to said Moore.  In order to be entitled to specific performance by judicial decree, the plaintiff should show several things; among others, that the contract is fair, certain, complete, reasonable, mutual, and based upon an adequate consideration.  These requisites are not shown to exist in the case of the contract in question.  There is no proof in the record showing the extent of the value of the property in dispute; hence the court could not determine what would be an adequate consideration for a deed for an undivided one-half interest from the defendant to the plaintiff.  But the evidence shows that there was no consideration, adequate or otherwise, for the contract in question; so that the contract is neither fair, reasonable, mutual, nor based on an adequate consideration, and the plaintiff cannot obtain the relief sought.  At the close of the plaintiff's evidence, the trial court should have rendered a judgment dismissing the action, with costs to the defendant.  The judgment of the district court is reversed, and the cause remanded for further proceedings consistent with the views herein expressed. And it appearing from the record in this cause that the plaintiff (respondent here) is in possession of the premises described in plaintiff's amended complaint, and that the defendant (appellant here) is kept out of such possession by the orders of the district court, it is therefore ordered and adjudged that the said plaintiff restore to the said defendant the possession of said premises; and, should the plaintiff fail so to do after demand by the defendant, then, on application of the defendant, this court will make such further orders as may be necessary and proper in the premises.  Costs of this appeal awarded to the appellant.

Sullivan, C. J., and Huston, J., concur.